**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**REHABCARE GROUP EAST, INC.** **PLAINTIFF**

**V.** **CASE NO.: 4:10CV00094 BD**

**GOSNELL HEALTHCARE, INC., et al.** **DEFENDANTS**

**ORDER**

Plaintiff RehabCare Group East, Inc. ("RehabCare") filed a Motion for Attorneys' Fees (docket entry #50) against Defendants Gosnell Healthcare, Inc. ("Gosnell") and Osceola Nursing Home, LLP ("Osceola"). Neither Defendant responded to the motion, and the time to do so has passed. For the following reasons, RehabCare's motion (#50) is GRANTED.

## I. Background

RehabCare filed a motion for partial summary judgment against Gosnell and Osceola on January 18, 2011. (#27) Neither Gosnell nor Osceola responded to the motion despite the Court's granting additional time to do so. (#38)

On March 24, 2011, the Court granted RehabCare's motion for partial summary judgment. (#45) In granting the motion, the Court found that Gosnell and Osceola had breached valid contracts with RehabCare by failing to pay for services RehabCare had provided under the parties' contract. The Court also noted that the contracts obliged Gosnell and Osceola to pay RehabCare's attorneys' fees and costs of collection. (#45, p.

3) RehabCare filed an affidavit with its motion showing that it incurred a total of $37,953.00 in attorneys' fees and $3,521.89 in costs pursuing this matter. (#50-1)

## II. Attorney Fees

In a diversity action, state law governs the availability of attorneys' fees where no conflicting statute or rule applies. *Weitz Co. v. MH Washington*, 631 F.3d 510, 528 (8th Cir. 2011)(citing *Burlington Northern R. Co. v. Farmers Union Oil Co.*, 207 F.3d 526, 534 (8th Cir. 2000)). In Arkansas, a court may assess attorneys' fees only when the award of the fees is provided by statute or rule. *Chase Manhattan Mortg. Corp. v. First Sec. Bank of Clarksville*, 2011 Ark. App. 223, 2011 WL 904919 (Ark.App., March 16, 2011). Arkansas law allows for assessment of reasonable attorneys' fees when the action relates to the breach of a contract, as it does here. ARK. CODE ANN. § 16-22-308.

In this case, the contracts between Gosnell and RehabCare (#27, Ex A) and Osceola and RehabCare (#27, Ex. B) state that Missouri law will govern. (#27, Ex A, § 11.3; #27, Ex. B, § 11.3) In Missouri, attorneys' fees are not recoverable unless allowed by contract or statute. *Trim Fit, LLC v. Dickey*, 607 F.3d 528, 532 (8th Cir. 2010). The contracts at issue here explicitly obligate Gosnell and Osceola to pay RehabCare's attorneys' fees and costs of collection. (#27, Ex A, § 5.3; #27, Ex. B,§ 5.3)

Accordingly, an award of attorneys' fees is appropriate under Missouri law. See *First State Bank of St. Charles v. Frankel*, 86 S.W.3d 161, 175-176 (Mo.App. 2002)) ("a trial court may award attorney's fees to a prevailing party if a contract provides for the

payment of attorney's fees and expenses incurred in the enforcement of a contract provision").

**III. Conclusion**

RehabCare is entitled to an award of attorneys' fees and costs under both Arkansas and Missouri law, and under the explicit terms of its contracts with Gosnell and Osceola. Neither Defendant has disputed the reasonableness of RehabCare's requested award.

Accordingly, RehabCare's motion for attorney fees (#50) is GRANTED, and RehabCare is awarded a total of $37,953.00 in attorney's fees and $3,521.89 in costs.

IT IS SO ORDERED this 29th day of April, 2011.

______________________________
UNITED STATES MAGISTRATE JUDGE