# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**REHABCARE GROUP EAST, INC.**                                                  **PLAINTIFF**

V.                    **CASE NO.: 4:10CV00094 BD**

**GOSNELL HEALTHCARE, INC., et al.**                                  **DEFENDANTS**

## ORDER

The remaining parties to this lawsuit have reached a settlement resolving all pending claims. Accordingly, this action is DISMISSED with prejudice.

Plaintiff RehabCare Group East, Inc. ("RehabCare") filed this action on February 11, 2010, alleging breach of contract, promissory estoppel, unjust enrichment, and account stated against Defendants Gosnell Healthcare, Inc. ("Gosnell") and Osceola Nursing Home, LLP ("Osceola"). (Docket entry #1) RehabCare amended its complaint, alleging promissory estoppel, unjust enrichment, and tortious interference with contracts against Defendant H.O.P.E. Healthcare, LLC ("Hope"). (#14) Hope answered and filed a cross-claim against Gosnell and Osceola to the extent any judgment is entered against Hope. (#17)

On March 23, 2011, the Court granted RehabCare's motion for partial summary judgment.[1] (#45) The Court found that Gosnell was indebted to RehabCare in the amount of $83,981.53 and Osceola was indebted to RehabCare in the amount of

---

[1] This motion resolved the claims against Gosnell and Osceola, not Hope. (#27)

$135,829.62.  (#45)  The Court also awarded RehabCare $37,953.00 in attorney's fees and $3,521.89 in costs to be paid by Gosnell and Osceola.  (#55)

After entry of summary judgment, RehabCare's claims against Hope and Hope's cross-claim against Gosnell and Osceola remained unresolved.  RehabCare and Hope informed the Court, however, that they reached a settlement resolving the remaining claims.  Accordingly, dismissal of this action is now appropriate.[2]

IT IS SO ORDERED this 2nd day of June, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] Because Hope's cross-claim is based on the entry of an adverse judgment, and the Court is not entering judgment against Hope, the cross-claim is dismissed.  This dismissal does not address the potential merit of the cross-claim.